IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON STEARNS,

      Plaintiff,

vs.                                                                          No. CIV 24-1029 JB/GJF

EDDY COUNTY BOARD OF COUNTY
COMMISSIONERS and RAYMOND
WILLIAMS, In his individual capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendants' Motion for Summary

Judgment Based in Part on Qualified Immunity, filed May 12, 2026 (Doc. 40)("MSJ").  The Court

held a hearing on June 22, 2026.  See Clerk's Minutes at 1, filed June 22, 2026 (Doc. 46).  The

primary issues are: (i)  whether the Court should dismiss Plaintiff Jason Stearns' Count I Equal

Protection claim that he brings under 42 U.S.C. § 1983, because Stearns has no evidence that

Defendants Eddy County Board of County Commissioners and Raymond Williams (the

"Defendants") act with racial animus; (ii) whether the Court should dismiss Stearns' Count II

racially biased-prosecution and failure-to-train claims brought under § 1983, because the

Defendant Eddy County Board of County Commissioners' ("Eddy County") alleged training does

not result in a violations of Stearns' rights; (iii) whether the Court should dismiss Stearns' Count

V malicious prosecution claim under § 1983, because a Magistrate Judge issues an arrest warrant

based on a finding of probable cause; and (iv) whether Williams is entitled to qualified immunity

as to Counts I and V, because Stearns cannot demonstrate that the Defendants violate his rights.

The Court: (i) dismisses Stearns' Count I, because Stearns offers no evidence that race motivates

the Defendants' conduct; (ii) dismisses Count II, because Eddy County's alleged training

deficiencies do not result in a violation of Stearns' rights; (iii) dismisses Count V, because there is probable cause to support the arrest; and (iv) grants Williams qualified immunity as to Counts I and V, because Stearns cannot demonstrate that the Defendants violated his clearly established rights. The Court therefore grants the MSJ.

## BACKGROUND

On November 11, 2018, Williams is on patrol when he stops to investigate a vehicle parked partially on the roadway. See MSJ at 6. He contacts a sixteen-year-old male, Jason Marquess Stearns Jr., who tells Williams that he has been involved in a verbal argument with his father and that his father leaves him on the side of the road. See MSJ at 6. Williams learns that Plaintiff Jason Stearns, an African American, is the boy's father. See MSJ at 6. On November 16, 2018, Williams files an affidavit for an arrest warrant in Magistrate Court for Stearns leaving his sixteen-year-old son on the side of the road. See MSJ at 5. After making a finding of probable cause, the Magistrate Court issues an arrest warrant for Stearns' arrest. See MSJ at 6.

As part of Stearns' conditions of release, the Magistrate Court orders Stearns to avoid all contact with Stearns Jr. or anyone who may testify in the case. See MSJ at 7. At no time does Stearns contact Williams to inform him that he believes any witness connected with this criminal charge has any racial animus towards him. See MSJ at 7.

On August 27, 2019, Williams receives a telephone call from Deborah League -- Stearns Jr.'s grandmother. See MSJ at 7. League informs Williams that, after tagging her daughter Amber Huber and her son David Riley on social media, Stearns posts the following:

> Praying that Amber Huger and David Riley one of you bigots show up to court this morning and call me boy to my face. That way we can all spend time rotting in a pine box.

> Please let anyone call me a boy this morning. Officer Williams of the Eddy County Sheriff's Department will have to use his service weapon this morning and pumped two hot ones in this boy's head . . .

MSJ at 8.  Riley is listed as the victim's uncle in the arrest warrant that Williams files in connection with Stearns' alleged abandonment of Stearns Jr. on November 11, 2018.  See MSJ at 8.  Based on this post, League tells Williams that she fears for her family's safety.  See MSJ at 8.

Based on Stearns' post concerning the witness and League's statements that she fears for her family's safety, Williams believes probable cause exists to charge Stearns with bribery or intimidation of a witness.  See MSJ at 8.  The Magistrate Court issues an arrest warrant based on this incident after making a finding of probable cause.  See MSJ at 8.  On August 27, 2019, the Magistrate Court enters an Order to Detain and finds that Stearns willfully fails to follow the conditions of his release.  See MSJ at 9.

## ANALYSIS

Summary judgment is appropriate under rule 56(c) of the Federal Rules of Civil Procedure if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P 56(c).  In making this determination, the Court must construe all evidence in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court grants the MSJ.  First, the Court dismisses Stearns' Count I, because Stearns offers no evidence that race motivates the Defendants' conduct.  Second, the Court dismisses Count II, because Eddy County's alleged training deficiencies do not result in a violation of Stearns' rights.  Third, the Court dismisses Count V, because there is probable cause to support the arrest.  Fourth, Williams is entitled to qualified immunity as to Counts I and V, because Stearns cannot demonstrate that the Defendants violated his clearly established rights.

## I.    THE COURT DISMISSES STEARNS' COUNT I.

Count I of Stearns' Complaint for Damages, filed October 9, 2024 (Doc. 1)("Complaint"), alleges a violation of § 1983 -- deprivation of his Fourteenth Amendment Rights to Equal Protection.  See Complaint at 9.  To show a violation of the Equal Protection Clause, "[p]roof of racially discriminatory intent or purpose is required."  Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977).  Specifically, a plaintiff must show that racial discrimination is a "motivating factor in the decision."  Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. at 265.  The record contains no evidence from which a reasonable jury can conclude that the Defendants act with racial animus or that race motivates any of their decisions.

Stearns argues that Williams enforced the law in a racially selective manner by crediting racially biased witnesses.  See Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment Based In Part on Qualified Immunity at 16, filed May 26, 2026 (Doc. 41)("Response").  That argument fails, because Stearns identifies no evidence that the Defendants knew of any witness' alleged racial bias.  Nor does Stearns present evidence that the Defendants ever see the racially charged messages in the Complaint ¶¶ 50, 52, at 7-8.  Instead, the record shows that the Defendants initiate criminal charges only after encountering Stearns' son abandoned on the side of the road and after Stearns posts a threatening message on social media.  See MSJ at 13.  A neutral Magistrate Judge finds probable cause on both occasions.  See MSJ at 13.  To the extent that Stearns argues that Willaims should have discovered the witness' alleged racial bias, courts have not recognized inadequate investigation "as sufficient to state a civil rights claim unless there is another recognized constitutional right involved."  Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985).  Therefore, because Stearns produces no evidence that race motivates the Defendants' actions, the Court grants the MSJ insofar as it seeks dismissal of Count

I.

II.    **THE COURT DISMISSES STEARNS' COUNT II.**

Count II of Stearns' Complaint alleges a claim of racially biased prosecution and failure to train in violation of § 1983.  See Complaint at 10.   The Supreme Court states that a plaintiff may not sue a local government under § 1983 for an injury which only its employees or agents inflict. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Department of Social Services of City of New York, 436 U.S. at 694.

Stearns argues that Count II should survive, because, although he cannot cite to a specific policy, a § 1983 failure-to-train claim may rest on a single Constitutional violation where the need for training is so obvious and the violation so predictable that the failure to train itself supports liability.  See Response at 19 (citing Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 409 (1997)).  According to Stearns, this case presents such an obvious need for training, because Williams fails to account for racial witness bias when assessing the witness' credibility and therefore omits evidence of that bias from his affidavit.  See Response at 19.  That argument fails, because the evidence establishes that Williams is unaware of any racial animus -- and would have no reason to be aware of any racial animus -- that any witness allegedly harbors against Stearns.  Instead, Williams relies on the information available to him at the time, including that Stearns left his son on the side of the road and Stearns' threatening social media post.  See MSJ at 13.  Moreover, the Supreme Court explains that "a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011).  Stearns identifies

no such pattern.  The Court therefore grants the MSJ insofar as it seeks dismissal of Count II.

## III.    THE COURT DISMISSES STEARNS' COUNT V.

Count V of Stearns' Complaint alleges malicious prosecution in violation of § 1983.  See Complaint at 12.  To establish a § 1983 malicious prosecution claim, a plaintiff must show that: (i) the defendant causes the plaintiff's continued confinement or prosecution; (ii) the original action terminates in the plaintiff's favor; (iii) there is no probable cause to support the original arrest, continued confinement, or prosecution; (iv) the defendant acts with malice; and (v) the plaintiff sustains damages.  See Novitsky v. City of Aurora, 491 F.3d 1244, 1258 (10th Cir. 2007). The Defendants argue that summary judgment is appropriate on Count V, because probable cause supports both the abandonment-of-a-child prosecution and the intimidation-of-a-witness prosecution.  See MSJ at 15.  The Court agrees with the Defendants' argument.

"The existence of probable cause bars a § 1983 claim for malicious prosecution." Calhoun v. Buck, 371 F. Supp. 3d 1008, 1015 (D. Utah April 5, 2019).  Probable cause exists when, under the totality of the circumstances, a reasonable person would believe that the suspect commits an offense.  See Morris v. Noe, 672 F.3d 1185, 1192 (10th Cir. 2012).  When a neutral magistrate issues an arrest warrant after finding probable cause, that finding is relevant to the no-probable-cause element of a malicious prosecution claim.  See Mata v. Anderson, 685 F. Supp. 1223, 1267-68 (D.N.M. January 13, 2010)(Browning, J).  That finding, however, is not conclusive evidence of probable cause.  See Mata v. Anderson, 685 F. Supp. at 1267-68.

Here, the Court concludes that probable cause supports both the abandonment-of-a-child prosecution and the intimidation-of-a-witness prosecution.  First, "[a]bandonment of a child consists of the parent, guardian, or custodian of a child intentionally leaving or abandoning the child under circumstances whereby the child may or does suffer neglect."  N.M.S.A. 1978 § 30-6-1B.  Stearns leaves his child on the side of U.S. Highway 285, and officers later stop Stearns

approximately twenty miles away. See MSJ at 6. Based on this evidence, Williams has probable cause to support an abandonment-of-a-child prosecution. That a neutral Magistrate Judge issues an arrest warrant after finding probable cause for this incident further supports this conclusion. See MSJ at 6.

Second, intimidation of a witness consists of knowingly "intimidating or threatening any person or person likely to become a witness in a judicial, administrative, legislative or other official cause or proceeding for the purpose of preventing such individual from testifying to any fact, to abstain from testifying or to testify falsely." N.M.S.A. 1978 § 30-24-3. Stearns tags the witness, Riley, in a social media post that states:

> Praying that Amber Huger and David Riley one of you bigots show up to court this morning and call me boy to my face. That way we can all spend time rotting in a pine box.

> Please let anyone call me a boy this morning. Officer Williams of the Eddy County Sheriff's Department will have to use his service weapon this morning and pumped two hot ones in this boy's head . . .

MSJ at 8. Based on this evidence, Williams has probable cause to support an intimidation-of-a-witness prosecution. Stearns' argument that he encourages Riley to "show up to court" is unpersuasive, because he ends that paragraph by stating that he hopes Riley appears so that "we can all spend time rotting in a pine box" -- a phrase meaning that they will all end up dead in coffins. Response at 14. That a neutral Magistrate Judge issues an arrest warrant after finding probable cause for this incident further supports this conclusion. See MSJ at 8.

Stearns argues that a Magistrate Judge's finding of probable cause is not dispositive of probable cause in a § 1983 claim. See Response at 12. Stearns contends that, because Williams' affidavits are materially incomplete, the Magistrate Judge does not have all the information and that the Court therefore should not grant the MSJ on Count V. See Response at 16. This argument fails, because Stearns points to no evidence that he told Williams -- or that Williams otherwise

knew -- that witnesses in these cases harbored racial animus toward Stearns.   Stearns cites Robinson v. Maruffi, 895 F.2d 649 (10th Cir. 1990), for the proposition that an officer cannot avoid liability solely because a prosecutor later handles a case when the officer supplies a materially incomplete affidavit.   See Response at 16.   In that case, however, the court could not rely on the officer's affidavit, because the officer "purposefully concealed and misrepresented material facts to the district attorney."   Robinson v. Maruffi, 895 F.2d at 655.   Here, Williams was unaware of -- and had no reason to be aware of -- all the evidence that Stearns contends renders Williams' affidavit materially incomplete.   The Court therefore does not conclude that Williams purposefully conceals or misrepresents material facts in the affidavit such that a finding of probable cause at this stage is improper.   The Court therefore grants the MSJ insofar as it seeks dismissal of Count V.

## IV.    WILLIAMS IS ENTITLED TO QUALIFIED IMMUNITY AS TO COUNTS I AND V.

Williams argues that he is entitled to qualified immunity as to Counts I and V, because his conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known.   See MSJ at 16.   The Court agrees that Williams is entitled to qualified immunity as to Counts I and V.

Officers are entitled to qualified immunity under § 1983 unless: (i) they violate a federal statutory or Constitutional right; and (ii) the unlawfulness of their conduct was "clearly established at the time."   District of Columbia v. Wesby, 583 U.S. 48, 62-63 (2018).   "Clearly established" means that, at the time of the officer's conduct, the law was "sufficiently clear that every reasonable official would understand that what he is doing" is unlawful.   District of Columbia v. Wesby, 583 U.S. at 63.   "In other words, existing law must have placed the constitutionality of the officer's conduct beyond debate."   District of Columbia v. Wesby, 583 U.S. at 63.   "This

demanding standard protects all but the plainly incompetent or those who knowingly violate the law." District of Columbia v. Wesby, 583 U.S. at 63. To be clearly established, "a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be settled law." District of Columbia v. Wesby, 583 U.S. at 63.

The Court starts by defining the two "circumstance[s] with which the [officer] [is] confronted." District of Columbia v. Wesby, 583 U.S. at 65. First, Williams encounters Stearns Jr., a sixteen-year-old, alone on the side of U.S. Highway 285 without a telephone. See MSJ at 2. Another officer stops Stearns more than twenty miles down the road, and Stearns does not deny leaving Stearns Jr. on the roadside. See MSJ at 2. Based on these facts, a reasonable officer could conclude that probable cause exists to believe that Stearns had abandoned a child. Second, Stearns tags Riley, a witness to the alleged abandonment, in a social media post stating that he hopes Riley "show[s] up to court" so that they "can all spend time rotting in a pine box." MSJ at 3. Again, based on this fact, it is reasonable for Williams to find probable cause for intimidating a witness. Based on these facts, a reasonable officer could conclude that probable cause exists to believe that Stearns intimidates a witness. Given these circumstances, the Court cannot identify any of Williams' conduct that places "the constitutionality of the officer's conduct beyond debate." District of Columbia v. Wesby, 583 U.S. at 63.

Stearns argues that the unlawfulness of Williams' conduct is "clearly established," because "no reasonable officer could believe that he could omit material exculpatory facts from a warrant affidavit." Response at 17-18 (citing Stewart v. Donges, 915 F.2d 572 (10th Cir. 1990)). As discussed above, Stearns offers no evidence that Williams intentionally or recklessly omits material facts from his affidavit. Stearns therefore provides no basis for concluding that the constitutionality of Williams' conduct is beyond debate. District of Columbia v. Wesby, 583 U.S. at 63. The Court therefore grants the MSJ insofar as it asserts that qualified immunity protects

Williams from Counts I and V.

**IT IS ORDERED** that: (i) the Defendant's Motion for Summary Judgment Based in Part on Qualified Immunity, is granted; (ii) the claim in Count I of the Complaint for Damages, filed October 9, 2024 (Doc. 1)("Complaint"), under 42 U.S.C. § 1983, is dismissed; (iii) the claim in Count II of the Complaint, under 42 U.S.C. § 1983, is dismissed; and (iv) the claim in Count V of the Complaint, under 42 U.S.C. § 1983, is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ramon A. Soto
Chandler Ballantine
The Soto Law Office, LLC
Albuquerque, New Mexico

-- and --

Taylor E. Smith
Smith & Marjanovic Law, LLC
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jonlyn M. Martinez
Law Firm of Jonlyn M. Martinez
Albuquerque, New Mexico

    *Attorney for the Defendants*